# UNITED STATES BANKRUPTCY COURT
Eastern District of Wisconsin

## Notice of Chapter 13 Bankruptcy Case, Meeting of Creditors, Hearing on Confirmation and Deadlines

The debtor(s) listed below filed a Chapter 13 bankruptcy case on 1/31/13.

**This notice contains important information for the debtor(s) and creditors.** All documents filed in the case may be inspected at the bankruptcy clerk's office at the address listed below. NOTE: No employee of the United States Bankruptcy Court may give legal advice. You may want to consult an attorney to protect your rights.

**Creditors −− Do not file this notice in connection with any proof of claim you submit to the court.**

**See Reverse Side For Additional Information.**

Name(s) used by the debtor(s) in the last 8 years (including married, maiden, trade) and address:

Stefanie Renee Crowell
aka Stephanie Renee Bowlin
14125 W. Dakota St
New Berlin, WI 53151

Daniel Jay Crowell
14125 W. Dakota St
New Berlin, WI 53151

Case Number:
13−21113−gmh

Social Security/Taxpayer ID/Employer ID/Other Nos.:
xxx−xx−4211
xxx−xx−7448

Attorney for Debtor(s) (name and address):
William H. Green
Green & Kapsos Law Offices, LLC
3216 South 92nd Street
Ste. 201
Milwaukee, WI 53227
Telephone number: 414−543−5369

Bankruptcy Trustee (name and address):
Thomas J. King
P.O. Box 3170
Oshkosh, WI 54903−3170
Telephone number: 920−231−2150

## Meeting of Creditors:
The debtor(s) <u>must</u> attend this meeting.

Date: **March 21, 2013**　　　　　　　　　　　　　　　Time: **09:00 AM**

Location: **U.S. Courthouse, Room 428, 517 East Wisconsin Avenue, Milwaukee, WI 53202**

## Deadlines:
Papers must be *received* by the bankruptcy clerk's office by the following deadlines:

**Deadline to File a Proof of Claim:**
For all creditors (except a governmental unit): 6/19/13　　　For a governmental unit: See Fed. R. Bankr. P. 3002(c)(1)

**Creditor with a Foreign Address**
A creditor to whom this notice is sent at a foreign address should read the information under "Claims" on the reverse side.

**Deadline to Object to Debtor's Discharge or to Challenge Dischargeability of Certain Debts: 5/20/13**

**Deadline to Object to Exemptions:**
Thirty (30) days after the *conclusion* of the meeting of creditors.

**Proposed Plan; Objection to Plan; Hearing on Confirmation of Plan**
If the debtor has filed a plan, a copy has been enclosed. If the debtor has not yet filed a plan, you will receive it at a later date. If a party files a written objection to confirmation of the proposed plan no later than 14 days after the completion of the Meeting of Creditors, the Court will schedule a hearing. If no party files a written objection to the plan, the Court may confirm the plan without a hearing. The only persons who will be notified of the hearing date will be the trustee, counsel for the debtor (or the debtor if the debtor is not represented by counsel), the Office of the United States Trustee, the objecting party, and all other persons who specifically request in writing to receive notice.

## Creditors May Not Take Certain Actions:
In most instances, the filing of a bankruptcy case automatically stays certain collections and other actions against the debtor, the debtor's property, and certain codebtors. Under certain circumstances, the stay may be limited to 30 days, or not exist at all; although the debtor can request the court to extend or impose a stay. If you attempt to collect a debt or take other action in violation of the Bankruptcy Code, you may be penalized. Consult a lawyer to determine your rights in this case.

**Address of the Bankruptcy Clerk's Office:**
Room 126, U.S. Courthouse
517 East Wisconsin Avenue
Milwaukee, WI 53202−4581
Telephone: (414) 297−3291
VCIS: (414) 297−3582 or Toll Free (877) 781−7277
Court Web Site: http://www.wieb.uscourts.gov

**For the Court:**
JANET L. MEDLOCK
Clerk, U.S. Bankruptcy Court

**Clerk's Office Hours:** 8:30 a.m. − 4:30 p.m. (Central Time)　　　Date: 2/1/13

# ADDITIONAL INFORMATION

FORM B9I (12/12)

| | |
|---|---|
| Filing of Chapter 13 Bankruptcy Case | A bankruptcy case under Chapter 13 of the Bankruptcy Code (Title 11, United States Code) has been filed in this court by the debtor(s) listed on the front side, and an order for relief has been entered. Chapter 13 allows an individual with regular income and debts below a specified amount to adjust debts pursuant to a plan. A plan is not effective unless confirmed by the bankruptcy court. You may object to confirmation of the proposed plan. If your written objection to confirmation is filed no later than 14 days after completion of the Meeting of Creditors, the Court will schedule a confirmation hearing that you may attend. The debtor will remain in possession of the debtor's property and may continue to operate the debtor's business, if any, unless the court orders otherwise. |
| Legal Advice | No employee of the United States Bankruptcy Court may give legal advice. Consult a lawyer to determine your rights in this case. |
| Creditors Generally May Not Take Certain Actions | Prohibited collection actions against the debtor and certain codebtors are listed in Bankruptcy Code § 362 and § 1301. Common examples of prohibited actions include contacting the debtor by telephone, mail, or otherwise to demand repayment; taking actions to collect money or to obtain property from the debtor; repossessing the debtor's property; or starting or continuing lawsuits or foreclosures; or garnishing or deducting from the debtor's wages. Under certain circumstances, the stay may be limited to 30 days, or not exist at all; although the debtor can request the court to extend or impose a stay. |
| Meeting of Creditors | A meeting of creditors is scheduled for the date, time, and location listed on the front side. *The debtor (both spouses in a joint case) must be present at the meeting to be questioned under oath by the trustee and by creditors.* Debtors will be required by the trustee to produce photo identification and proof of Social Security Number at the meeting of creditors. Creditors are welcome to attend, but are not required to do so. The meeting may be continued and concluded at a later date specified in a notice filed with the court. |
| Claims | A Proof of Claim is a signed statement describing a creditor's claim. If you do not file a Proof of Claim by the "Deadline to File a Proof of Claim" listed on the front side, you might not be paid any money on your claim from other assets in the bankruptcy case. In order to be paid, you must file a Proof of Claim even if your claim is listed in the schedules filed by the debtor. A Proof of Claim can be filed electronically using the instructions at the court's website (www.wieb.uscourts.gov) under "Information for Creditors." No password or CM/ECF account is required, and an acknowledgement of the filing is available for your records. Alternatively, obtain a Proof of Claim form (Official Form B10), complete it and file by mail or in person at the address of the Bankruptcy Clerk's office on the front of this notice. A fillable proof of claim form is available at the court's website (www.wieb.uscourts.gov) under "Bankruptcy Forms – Local Forms." To receive an acknowledgment of your filing, you should enclose a stamped self–addressed envelope and a copy of your Proof of Claim. A secured creditor retains rights in its collateral regardless of whether that creditor files a Proof of Claim. Filing a Proof of Claim submits the creditor to the jurisdiction of the bankruptcy court, with consequences that a lawyer can explain. For example, a secured creditor who files a Proof of Claim may surrender important nonmonetary rights, including the right to a jury trial. Filing Deadline for a Creditor with a Foreign Address: The deadlines for filing claims set forth on the front of this notice apply to all creditors. If this notice has been mailed to a creditor at a foreign address, the creditor may file a motion requesting the court to extend the deadline. *Do not include this notice with any filing you make with the court.* |
| Discharge of Debts | The debtor is seeking a discharge of most debts, which may include your debt. A discharge means that you may never try to collect the debt from the debtor. If you believe that the debtor is not entitled to a discharge under Bankruptcy Code § 1328(f), you must file a motion objecting to discharge in the bankruptcy clerk's office by the "Deadline to Object to Debtor's Discharge or to Challenge the Dischargeability of Certain Debts" listed on the front of this form. If you believe that a debt owed to you is not dischargeable under Bankruptcy Code § 523(a)(2) or (4), you must file a complaint in the bankruptcy clerk's office by the same deadline. The bankruptcy clerk's office must receive the motion or the complaint and any required filing fee by that deadline. |
| Exempt Property | The debtor is permitted by law to keep certain property as exempt. Exempt property will not be sold and distributed to creditors, even if the debtor's case is converted to Chapter 7. The debtor must file a list of all property claimed as exempt. You may inspect that list at the bankruptcy clerk's office. If you believe that an exemption claimed by the debtor is not authorized by law, you may file an objection to that exemption. The bankruptcy clerk's office must receive any objection by the "Deadline to Object to Exemptions" listed on the front side. |
| Bankruptcy Clerk's Office | Any paper that you file in this bankruptcy case should be filed at the bankruptcy clerk's office at the address listed on the front side. You may inspect all papers filed, including the lists of the debtor's property, debts, and property claimed as exempt, at the bankruptcy clerk's office. |
| Creditor with a Foreign Address | Consult a lawyer familiar with United States bankruptcy law if you have any questions regarding your rights in this case. |

––––– Refer to Other Side for Important Deadlines and Notices –––––